UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Linda Triplett, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | Case No. 12-cv-5719 |
| Patrick Donahoe,[1] Postmaster General, | ) |  |
| United States Postal Service, | ) | Judge John W. Darrah |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff Linda Triplett filed suit on July 20, 2012, against Patrick Donahoe, the Postmaster General of the United States Postal Service. Proceeding *pro se*,[2] Triplett alleged in her Complaint that she was discriminated against on the basis of her race, disability, and sex. The Postal Service filed a motion to dismiss, which has been fully briefed. Based on the analysis below, the Postal Service's motion is granted, and Triplett's Complaint is dismissed.

## BACKGROUND

The following facts are based on Triplett's Complaint and attached exhibits and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir. 2010). "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Menominee Indian Tribe v. Thompson,* 161 F.3d 449, 456 (7th Cir. 1998). Triplett

---

[1] Triplett incorrectly identifies the Postmaster General as "Patrick Donahue."

[2] Triplett had counsel appointed, but counsel was permitted to withdraw after he represented to the Court his belief that Triplett's claims, under Local Rule 83.38(a)(5), "are not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law."

alleges that on either August 8, 2002, or January 25, 2004, she was unlawfully terminated by the Postal Service.  (Compl. Notice of Intent to Sue at 2.)  Triplett alleges she was discriminated against on the basis of her race, sex, disability, and age.  (Compl. ¶ 9.)  Triplett contends she was "deliberately hoodwinked . . . out of [an] entitlement to be a rightful recipient" of a disability pension plan.  (*Id.* ¶ 12.)

Triplett filed an Equal Employment Opportunity ("EEO") complaint in 2009, and on February 22, 2012, prior to commencing this suit, she submitted an informal complaint to the Postal Service's EEO office.  The EEO office responded and indicated that her claims could not be resolved informally and, further, that she had already challenged her termination in a previous complaint, which had been dismissed.  (Compl. March 23, 2012 Letter from EEO Field Operations.)

**LEGAL STANDARD**

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought."  Fed. R. Civ. P. 8.  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)).  While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions.  *Iqbal*, 129 S. Ct. at 1949.

A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  A claim is

facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). At issue in a 12(b)(6) motion is "not whether a plaintiff will ultimately prevail" but whether the plaintiff is entitled to present evidence to support the claims alleged. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation omitted).

*Res judicata* is a defense that may be raised in a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim. *Ennenga v. Starns*, 677 F.3d 766, 776 n.6 (7th Cir. 2012) (*Ennenga*). While it is not an affirmative defense identified in Rule 12(b), *res judicata* may be properly raised in a Rule 12(b)(6) motion under the principle that a plaintiff may plead herself out of court. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008).

## ANALYSIS

*Exhaustion of Administrative Remedies*

The Postal Service argues Triplett's claims should be dismissed as she failed to exhaust the administrative remedies available to her. Postal employees asserting discrimination claims "must exhaust the administrative remedies available to them in a timely fashion before they may assert their claims in a lawsuit." *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001) (*Ester*)

3

(citations omitted). First, an employee of the Postal Service must submit a Pre-Complaint Counseling Form to the Postal Service's EEO office. 29 C.F.R. §§ 1614.103-1614.105. Thereafter, if the complaint cannot be resolved, the EEO office will provide to the complainant a Notice of Right to File Individual Complaint, which states that the complainant must file a formal complaint with the agency that allegedly discriminated against the complainant within fifteen days of receipt of notice. 29 C.F.R. § 1614.106(a)-(b). An employee must complete these administrative steps before filing suit in federal court.

Here, Triplett properly submitted her "Information for Pre-Complaint Counseling" form to the Postal Service EEO office on February 29, 2012. (Compl. Ex. Pre-Complaint Counseling form.) On March 23, 2012, the Postal Service EEO office sent Triplett a Notice of Right to File Individual Complaint, indicating she had "15 days from the date of receipt of this letter to file a timely formal complaint." (Compl. Ex. Notice of Right to File Individual Complaint.) Over one month later, Triplett sent the Postal Service a letter labeled "Notice of Intent to Sue," wherein she stated she would "bypass the EEOC administrative complaint process" in her case "by electing not to file a formal EEO complaint, and instead file a civil action in the appropriate U.S. District Court." (Compl. Ex. Notice of Intent to Sue) (emphasis in original). Hence, Triplett explicitly states that she would not exhaust her administrative remedies, though she provides no legal basis for her failure to exhaust these remedies. Accordingly, her Complaint is dismissed.

### *Res Judicata*

The doctrine of *res judicata* is applicable where there is "(1) a final judgment on the merits in an earlier action; (2) an identity of the causes of action; and (3) an identity of parties or their privies." *Ennenga*, 677 F.3d at 776. All three elements of *res judicata* are met here. Triplett sued the Postal Service once before, in 2010, with a Complaint nearly identical to the

4

one filed in this case. *See Triplett v. Potter*, Case No. 10 C 7285. There, Triplett filed suit in 2010 against the Postal Service for employment discrimination based on her termination in 2002. Judge Bucklo dismissed her complaint and noted that her claims of discrimination were barred by the applicable statute of limitations. *Id.* at Docket No. 6. Triplett alleged the same claims of discrimination against the same party, the U.S. Postal Service, and judgment on that action became final sixty days after the entry of Judge Bucklo's order on November 16, 2010, as Triplett did not file an appeal. "A decision by a federal court that a statute of limitations or an administrative deadline bars an action is a decision on the merits for purposes of claim preclusion." *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996).

Deference is afforded to *pro se* litigants with regards to pleading standards. *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). However, Triplett is unable to plead any set of facts which could overcome the *res judicata* bar. Therefore, Triplett's Complaint is also barred by the doctrine of *res judicata* and is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the Postal Service's Motion to Dismiss is granted, and Triplett's Complaint is dismissed with prejudice.

Date: April 25, 2013

JOHN W. DARRAH
United States District Court Judge

5